## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

THOMAS PHILLIPS                          :

    Petitioner                         :

    v                                  :      Civil Action No. AW-05-1874

WARDEN                                   :

    Respondent                         :
                          o0o

## **MEMORANDUM**

The above-captioned case was filed on July 5, 2005, upon receipt of a letter written by

Petitioner concerning two state criminal convictions. Paper No. 1.  His letter has been construed as a

petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Although he did not pay the

$5.00 filing fee for the case, he has not requested that this court waive the filing fee.  Petitioner will,

therefore, be required to either pay the filing fee or file a motion to proceed in forma pauperis.

Petitioner alleges that he is currently serving two concurrent six year sentences for second

degree assault and second degree arson.  Paper No. 1.  He claims that the second sentence imposed

(case no. 006B01485581) was made concurrent with the first six year term pursuant to a plea bargain

agreement.[1]  *Id*.  When the sentence was imposed on May 1, 2003, the sentencing court specified that

it would begin on November 4, 2002, the day Petitioner was arrested for the offense.  *Id*.  Petitioner

alleges that the sentence should expire on November 4, 2008, but he claims that the expiration date is

incorrectly noted as March 17, 2009.  *Id*.   He claims that the March 17, 2009, expiration date violates

---

[1] Petitioner also includes facts concerning his second degree assault conviction (case no. 102225022-23), which is the first six year term that was imposed.  However, he does not appear to raise any claims regarding that case.

the terms of his plea bargain agreement and, as relief, he seeks to withdraw his guilty plea.  *Id*.

In addition to the above allegations, Petitioner states that he filed a post conviction petition on March 30, 2004 which was denied on August 11, 2004.  *Id*.  He claims he filed an application for leave to appeal with the Court of Special Appeals, but the application was lost.  *Id*.  It is unclear whether Petitioner raised the claim he is asserting in this court in his post conviction petition.  Equally unclear is whether the issue concerning Petitioner's expiration date is due to a violation of the plea agreement or a claim that the sentence imposed by the court is being misinterpreted by the Division of Correction.[2]   In either case, Petitioner is required to exhaust state remedies prior to asserting the claim in this court.

To provide Petitioner an opportunity to clarify the issues raised, he will be permitted an opportunity to supplement his pleading using the pre-printed forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Petitioner is forewarned that his failure to supplement his petition will result in the dismissal of his petition without prejudice and without further notice from this court.

A separate Order follows.


July 26, 2005                                        _____/s/_____
Date                                                           Alexander Williams, Jr.
                                                                United States District Judge

---

[2] If it is the latter, the petition is more appropriately construed as one filed pursuant to 28 U.S.C. § 2241.