IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS PHILLIPS | : | |
| Petitioner | : | |
| v | : | Civil Action No. AW-05-1874 |
| WARDEN | : | |
| Respondent | : | |

o0o

**MEMORANDUM**

This Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. § 2254. Pursuant to this Court's Order to Show Cause, Respondent has filed an Answer asserting that the petition is time-barred. Paper No. 7. Petitioner has filed a Reply to the Answer, rebutting Respondent's claim. Papers No. 11 and 13. After review of these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner is not necessarily entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

Background

On May 1, 2003, Petitioner pled guilty to charges of arson in the Circuit Court for Baltimore City. Paper No. 7 at Ex. 1. No appeal was filed, accordingly, the conviction became final on June 2, 2003, the date on which Petitioner's right to file an appeal expired.

Petitioner filed a Petition for Post-Conviction Relief on March 30, 2004, in the Circuit Court for Baltimore City. *Id*. at Ex. 3. After a hearing, the post-conviction court issued a memorandum and order, dated September 2, 2004, denying relief. *Id*. Petitioner did not appeal the post-conviction court's decision. Paper No. 1 at p. 4.

Standard of Review

A one year period of limitation is imposed on prisoners seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. The one year period begins to run on the date the criminal conviction is final; however, it is tolled while properly filed post conviction proceedings are pending. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000).

That the one year limitation begins to run:

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party'". *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris*, 209 F. 3d at 330.

Analysis

The instant petition has been filed beyond the one-year limitation and petitioner does not claim that any of the exceptions noted in § 2244(d)(1) apply to his case. Instead, Petitioner

2

asserts he is entitled to one year from the date the post-conviction court denied his post-conviction petition to file the instant federal habeas petition. Papers No. 11 and 13. Petitioner's assertion is without merit.

The conviction in this case became final on June 2, 2003. The one-year statute of limitations began running on that date. The statute was tolled when Petitioner filed his post-conviction petition on March 30, 2004. At the time, there were 35 days left until the end of the one-year limitations period. When Petitioner's post-conviction petition was denied on September 2, 2004, he had 35 days remaining to file a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. The instant petition was filed on July 5, 2005, well beyond the date on which it would have been timely.

In light of the untimely filing and Petitioner's failure to assert circumstances which would warrant an equitable tolling of the statute of limitations, the Petition for Writ of Habeas Corpus shall be denied. A separate Order follows.


<u>January 24, 2006</u>                                          <u>          /s/                   </u>
Date                                                          Alexander Williams, Jr.
                                                              United States District Judge